*Wright, Cummins & Wright,* for complainant.

*Lehman & Park,* for respondent.

▶●◀

## SEAMAN *v.* ENTERPRISE F. AND M. INSURANCE CO.

(*In the Circuit Court of the United States, Eastern District of Missouri—September 19, 1883.*)

1. INSURANCE—STOCKHOLDERS IN CORPORATION. A stockholder in a private corporation is possessed of an insurable interest in the corporate property, and may maintain an action on policy of insurance issued on the same.

2. SUBROGATION. *Quere:* Can the company be subrogated to the rights of the insured stockholder?

McCRARY, Circuit Judge.

This case is before the Court on demurrer to the petition, and the principal question presented for our consideration is, whether a stockholder in a private corporation is possessed of an insurable interest in the corporate property.

The cases in which the question, what is an insurable interest? has been discussed are very numerous, and it is not our purpose to cite or review them. The tendency of modern adjudication is very strongly in the direction of holding insurance companies liable where they issue their policies and receive the consideration therefor, in all cases where the insured has any interest in the subject matter insured, either absolute or contingent, and which is such as may subject him to loss in case of its destruction. "It is enough if he holds such a relation to the property that its destruction by a peril insured against involves pecuniary loss to him or those for whom he acts." (Wood on Fire Insurance, Sec. 266; May on Insurance, Sec. 76.) Such is the general rule, and we have only to inquire whether the present case falls within it. We are clearly of the opinion that it does. True, the title to the property of a corporation is in the corporate body, but it is not necessary for the assured to show title in himself. That a stockholder has, or at least may have, such an interest in the corporate property

as will subject him to pecuniary loss in case of its destruction, is too plain for argument. The property of the corporation is the source of the profit of the stockholder. (*Warren* v. *Insurance Co.*, 31 Iowa, p. 464.) The value of his stock depends, as a rule, upon the preservation of the corporate property. The stock is merely the representation of such property, and evidence that the stockholder has an interest therein and in its increase and earnings.

It is insisted that a stockholder has no insurable interest in the corporate property because he can have no claim therein which is not subordinate to those of the creditors of the corporation, and it is said therefore to be altogether uncertain whether he has any property interest of value to insure. This consideration, however, only goes to the question of damages. In every case the amount of the loss must be shown by proof. The law will not permit the stockholder, by insuring his interest, to recover more than such interest was worth at the time of the loss. In a case of this character, precisely as in other insurance cases, the question, what was the value of the property insured at the time of the loss? is open for the consideration of the Court and jury upon such competent proof as the parties respectively may have to offer.

It is said that it is the duty of the corporation to insure the corporate property, and that a stockholder should apply to the corporation, requesting it to perform that duty. This suggestion is without support in any adjudged case, and we do not think it can be maintained upon principle. The corporation cannot be compelled to insure. It is a matter within its discretion. Besides, the stockholder has an interest of his own, which he has the right to protect by insurance without consulting the corporation.

It is also suggested that a difficulty may arise upon the question whether, upon paying the loss, the insurance company can be subrogated to the rights of the insured stockholder. It is not necessary in this case to determine whether the right of subrogation exists in such a case as the present; but we are clearly of the opinion that if it does exist, the powers of a Court of equity are ample for its enforcement.

The demurrer to the petition is overruled.

Treat, District Judge, concurring.